MADALONI v. CIFFO et al.
Civ. No. 11121.

United States District Court.
E. D. New York.
May 22, 1951.

Arthur N. Field, New York City, for proposed intervenor-defendant, Joseph Sparacino.

Halperin, Natanson & Scholer, New York City, for plaintiff.

Harry Price, New York City, for defendants.

BYERS, District Judge.

This is a motion by one Sparacino to enter this case, as an intervenor defendant; Madaloni, as plaintiff, sues Ciffo and three corporations apparently owned and controlled by him, for alleged breach of contract dated May 15, 1950, having to do with royalty payments to the plaintiff arising from the manufacture and sale of walking dolls; the contract recites that these two individuals were licensees under a contract of April 24, 1950, with an Italian corporation which will be called Imera, and that such rights were transferred to a corporate defendant to be called Advance, which was to pay Ciffo's share of the royalties payable under the April 24, 1950, license to Imera, and to pay additional sums to Madaloni, based upon the number of dolls to be manufactured and sold. Other details do not require present statement.

The complaint filed in the State court alleges breach of the May 15, 1950, contract by the defendants in several respects based upon their manufacture and sale of walking dolls, whereby judgment is demanded from each in the sum of $30,000.

The only answer seems to be that of Advance, which was filed in this court after removal; in the petition for the latter, it is stated that service was not made on any other defendant.

The issues raised generally and in ten separate defenses are: invalidity of the contract; denial that manufacture and sale of walking dolls "which include as a part of the basic ideas included in the design of the said dolls" (Comp. Par. 7) "constitute invention or patent" within the license of April 24, 1950; lack of invention (perhaps by the licensor); that plaintiff is not the true party in interest; termination of the agreement of May 15, 1950; failure of the license agreement of April 24, 1950, to effectuate the purpose ascribed to it; claims to the basic concepts by Noma Electric Corporation; and threatened litigation by it; conflicting agreements by plaintiff with others named; violation by plaintiff and Imera of the contract of May 15, 1950; and unclean hands on part of plaintiff.

There is a counterclaim pleaded against Noma Electric Corporation called "additional defendant", but how it became such is not alleged. Also an additional counterclaim against plaintiff, seeking a declaratory judgment in respect of the matters concerning his alleged conduct as above recited.

It is into the turgid waters of these controversies that Sparacino seeks to launch himself as an intervenor defendant, asserting that he is entitled to one-half of whatever plaintiff may recover under a joint venture agreement, as alleged, between plaintiff and himself, entered into as he says about February 1, 1948, touching the manufacture and sale of walking dolls in the U. S. A. "which had been invented by a firm in Italy".

That the agreement with Advance (seemingly that referred to in the complaint) was entered into without Sparacino's knowledge. The alleged manufacture and sale of such dolls by Advance, his (Sparacino's) claim to a share in the moneys claimed by plaintiff, demands upon both in connection therewith, upon refusal of which he instituted suit against both for an accounting, which is now pending in the State courts. That such suit was started before he learned of this case.

The issues raised by the instant pleadings have been stated in brief detail to indicate that applicant's "claim and the main action" have no "question of law or fact in common". Rule 24(b) Fed.Rules Civ.Proc. 28 U.S.C.A.

This applicant may succeed or fail in establishing the alleged joint enterprise with Madaloni; if he succeeds, the questions raised in the main action will still proceed without regard to Sparacino's presence or absence as a party. If he fails, the same result will follow.

His pending cause in the State court would seem to afford him the best opportunity to litigate his suit against Madaloni; to introduce such matters into the trial of the pending issues, would but add to the

complexities of a sufficiently complicated situation whereby a defendant, sued for breach of an alleged contract, seeks to divert that issue into one involving patentability and other formidable controversies.

The applicant's motion is thought to involve a matter of discretion under Rule 24(b), not of right under subd. (a), and in the exercise thereof the motion is denied.

Settle order.